MORGAN, LEWIS & BOCKIUS LLP
Carrie A. Gonell, Bar No. 257163
carrie.gonell@morganlewis.com
600 Anton Blvd., Suite 1800
Costa Mesa, CA  92626
Tel:   +1.714.830.0600
Fax:   +1.714.830.0700

Attorneys for Defendants
METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, METLIFE RESOURCES (a unit of Metropolitan Life Insurance Company), MML INVESTORS SERVICES, LLC (formerly known as MetLife Securities, Inc.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TILLMAN PUGH, MARGARET SULKOWSKI, DAVID HENDERSON and ROY REESE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, METLIFE RESOURCES, INC., METLIFE SECURITIES, INC. and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:  4:18-cv-1506<br><br>[Case No. RG18891665]<br><br>**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>[28 U.S.C. §§ 1332, 1441, 1446] |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 32947114.2

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT
CASE NO.: 4:18-CV-1506

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants MetLife, Inc., Metropolitan Life Insurance Company, MetLife Resources (a unit of Metropolitan Life Insurance Company) and MML Investors Services, LLC (formerly known as MetLife Securities, Inc. and improperly plead as MetLife Securities, Inc.) (collectively "Defendants") remove the above-entitled action from the Superior Court of California for the County of Alameda to the United States District Court for the Northern District of California.  This Court has original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because minimum diversity exists and the amount in controversy exceeds $5 million.

Removal is based on the following grounds:

## I.  PROCEDURAL BACKGROUND

1. On January 30, 2018, Plaintiffs Tillman Pugh, Margaret Sulkowski, David Henderson and Roy Reese ("Plaintiffs") filed an unverified putative class action complaint for damages in the Superior Court of the State of California, County of Alameda, entitled *Tillman Pugh, Margaret Sulkowski, David Henderson and Roy Reese, individually and on behalf of all others similarly situated v. MetLife, Inc., Metropolitan Life Insurance Company, MetLife Resources, Inc., MetLife Securities, Inc. and Does 1 through 10, inclusive*, Case No. RG18891665 (the "Complaint").

2. Plaintiffs served the Complaint ("Complaint") on MML Financial Services, LLC's's registered agent for service on February 6, 2018.  True and correct copies of the Summons, Complaint, and all documents served with the Complaint are attached as **Exhibit A**.

Morgan, Lewis & Bockius LLP
Attorneys At Law
Costa Mesa

DB2/ 32947114.2

1

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT
CASE NO.: 4:18-CV-1506

3. The Complaint alleges eight causes of action: (1) failure to reimburse expenses; (2) prohibited wage chargebacks; (3) failure to provide itemized wage statements; (4) failure to pay wages on termination; (5) underpayment of wages; (6) untimely payment of wages; (7) a cause of action seeking civil penalties under California's Private Attorneys General Act ("PAGA") for the underlying Labor Code violations; and (8) a derivative cause of action for failure to pay overtime under California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200, *et seq*. Complaint ¶¶ 60-125.

4. Plaintiffs seek to represent a class comprised of all individuals who are or were employed by Defendants as Financial Services Representatives (FSRs) and brokers with retiree addendums ("Retiree Brokers") in California at any time since January 30, 2014. Complaint ¶¶ 2-3.

5. On March 8, 2018, Defendants filed an Answer with the Alameda County Superior Court. A true and correct copy of Defendants' Answer is attached as **Exhibit B**.

6. **Exhibits A and B** constitute all the pleadings, process, and orders served upon or by Defendants, or filed, in the Superior Court action.

## II. THE REMOVAL IS TIMELY

7. This Notice of Removal is timely, pursuant to 28 U.S.C. § 1446(b), because it is filed within 30 days of Plaintiffs' service of the Summons and Complaint on Defendants.

8. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA.

9. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of class actions. *See* 28 U.S.C. § 1453.

Morgan, Lewis & Bockius LLP
Attorneys at Law
Costa Mesa

2

DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT
CASE NO.: 4:18-CV-1506

10. This action is brought by a putative representative person on behalf of a proposed class of more than 100 individuals. Complaint. ¶ 5; Declaration of Brock Hupkovich ("Hupkovich Decl."), ¶ 4; Compl. ¶ 59(a) (alleging that putative class "exceeds hundreds of individuals"). As such, this matter is a "purported class action" as that term is defined pursuant to CAFA.

11. The Complaint could have been filed in this Court under 28 U.S.C. § 1332(d) because this matter is brought as a class action under California Code of Civil Procedure § 382, diversity of citizenship exists between one or more members of the putative class and Defendants, and, accepting only for the purposes of this removal, Plaintiffs' allegations, the amount in controversy exceeds, in the aggregate, $5,000,000, exclusive of interests and costs. Removal is therefore proper pursuant to 28 U.S.C. §§ 1446, and 1453.[1]

### A. Diversity of Citizenship Exists.

12. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)). Plaintiffs are citizens of California. MetLife, Inc. and Metropolitan Life Insurance Company are corporate citizens of New York. Thus, minimal diversity exists and removal is proper.

---

[1] Defendants do not concede and reserve the right to contest, at the appropriate time, Plaintiffs' allegations that this action can properly proceed as a class action and/or representative action. Defendants further do not concede the merits of any of Plaintiffs' allegations or that they constitute a cause of action under applicable California law.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

3

DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT
CASE NO.: 4:18-CV-1506

### i. Plaintiffs are Citizens of California.

13. "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). Plaintiffs allege that they worked in California during the relevant period and they are still domiciled in the state based on a search of publicly available information. Complaint ¶¶ 11-14; Declaration of Carrie A. Gonell ("Gonell Decl."), ¶¶ 2-5. They are, therefore, citizens of California for purposes of removal.

### ii. Defendants are Not Citizens of California.

14. For diversity purposes, a corporation is a citizen of the state in which it is incorporated and the state that constitutes its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity jurisdiction under 28 U.S.C. § 1332 refers "to the place where a corporation's officers direct, control, and coordinate the corporation's activities…[I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *See Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010).

15. As Plaintiffs allege in their Complaint, MetLife, Inc., Metropolitan Life Insurance Company, MetLife Resources and MML Investors Services, LLC (formerly known as MetLife Securities, Inc.) "were, and are, foreign corporations." Complaint ¶ 18. MetLife, Inc. and Metropolitan Life Insurance Company have their principal place of business in New York City. Declaration of Roberta McMurtrie ("McMurtrie Decl.") ¶ 6. MetLife Resources is a division of MetLife Insurance Company and not a separate legal entity. McMurtrie Decl. ¶ 5.

16. Metropolitan Life Insurance Company is corporation organized under the laws of Delaware with its principal place of business and corporate headquarters

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

4

DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT
CASE NO.: 4:18-CV-1506

1   in New York, New York.  Metropolitan Life Insurance Company's headquarters are
2   where its high-level management directs, controls, and coordinates the
3   corporation's activities.  The majority of Metropolitan Life Insurance Company's
4   executive officers and high-level management, including its Chief Executive
5   Officer and Chief Financial Officer, are located in New York.  McMurtrie Dec. ¶ 6.

6   17.   Although Plaintiffs has listed ten fictitiously-named "Doe"
defendants, the citizenship of these "Doe" defendants is disregarded for purposes of
removal.  28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded).

18.   Because Plaintiffs and Defendants are not residents of the same state, diversity of citizenship exists.  *See* 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

**B.   The Proposed Class Membership is Sufficiently Large.**

19.   CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. §1332(d)(5)) is satisfied here because the putative class has more than 400 members.  *See* Hupkovich Decl., ¶ 4.

20.   Plaintiffs seeks to represent all persons who are or were, at any time from four years prior to the filing of the Complaint through the date of the of final judgment herein affiliated with Defendants as an FSR or a Retiree Broker in California.  Complaint ¶¶ 2-3.  According to MetLife Insurance Company's business records, there were 437 unique individuals who worked for MetLife in California as an FSR or Retiree Broker between January 30, 2014 and July 1, 2016. *See* Hupkovich Decl., ¶ 4.

**C.   The Amount In Controversy Exceeds $5,000,000.**

21.   Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

5

DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT
CASE NO.: 4:18-CV-1506

1  value of $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(6).  A
2  removing defendant "must file in the federal forum a notice of removal 'containing
3  a short and plain statement of the grounds for removal.'"  *Dart Cherokee Basin*
4  *Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (Dec. 15, 2014).

5      22.  For diversity jurisdiction, the short and plain statement "need include
6  only a plausible allegation that the amount in controversy exceeds the jurisdictional
7  threshold."  *Id*. at *6.  "The ultimate inquiry is what amount is put 'in controversy'
8  by the plaintiff's complaint, not what a defendant will actually owe."  *Korn v. Polo*
9  *Ralph Lauren Corp*., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v.*
10  *Boston Market Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).  This burden "is
11  not 'daunting,' as courts recognize that under this standard, a removing defendant is
12  not obligated to 'research, state, and prove the plaintiff's claims for damages.'"
13  *Korn*, 536 F. Supp. 2d at 1204-05.

14      23.  Moreover, the Senate Judiciary Committee's Report on the final
15  version of CAFA makes clear that any doubts regarding the applicability of CAFA
16  should be resolved in favor of federal jurisdiction.  *See* Senate Judiciary Report, S.
17  REP. 109-14, at 42 ("If a federal court is uncertain about whether 'all matters in
18  controversy' in a purported class action do not in the aggregate exceed the sum or
19  value of $5,000,000, the court should err in favor of exercising jurisdiction over the
20  case."); *id.* at 43 ("Overall, new section 1332(d) is intended to expand substantially
21  federal court jurisdiction over class actions.  Its provisions should be read broadly,
22  with a strong preference that interstate class actions should be heard in a federal
23  court if properly removed by any defendant.").

24      24.  In assessing the amount in controversy, a court must "assume that the
25  allegations of the complaint are true and assume that a jury will return a verdict for
26  the plaintiff on all claims made in the complaint."  *Campbell v. Vitran Exp., Inc.*,
27  471 F. App'x 646, 648 (9th Cir. Mar. 8, 2012) (citing *Kenneth Rothschild Trust v.*
28  *Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).  When

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

6

DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT
CASE NO.: 4:18-CV-1506

the complaint is "lacking in factual detail," a defendant seeking removal is "justified in employing reasonable estimates" to establish the amount in controversy. *Ritenour v. Carrington Mortgage Servs. LLC*, 2017 WL 59069, *3 (C.D. Cal. Jan. 5, 2017), citing *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) (denying remand where defendant applied reasonably assumptions to complaint that had no fact-specific allegations because a plaintiff seeking to avoid removal "could have alleged facts specific to her claims which would narrow the scope of the putative class or damages sought").

25. While Defendants deny Plaintiffs' factual allegations and deny that they or the putative class they purport to represent are entitled to any of the relief for which Plaintiffs have prayed, it is clear that, when the potential value of the claims of Plaintiffs and the putative class members are aggregated, the allegations within Plaintiffs' Complaint put into controversy an amount in excess of $5 million.[2] *Rhoades v. Progressive Casualty Ins., Co.*, 410 Fed. Appx. 10, 11 (9th Cir. Nov. 23, 2010) ("'Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.'") (quoting *Lewis v. Verizon Communications Inc.*, 2010 WL 4645465, 4 (9th Cir. 2010)).

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiffs' Complaint. Defendants' references to specific damage amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendants maintain that each of Plaintiffs' claims is without merit and that Defendants are not liable to Plaintiffs or any putative class member. In addition, Defendants deny that liability or damages can be established on a class-wide basis. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiffs will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

7

DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT
CASE NO.: 4:18-CV-1506

### i. Evidence Demonstrating Amount In Controversy.

26. Plaintiffs seek to represent a class comprised of all individuals who are or were working for MetLife in California as an FSR or Retiree Broker between January 30, 2014 and the present. Complaint ¶¶ 2-3. Based on Plaintiffs' class definition, 437 individuals worked for MetLife in a covered position in California from January 30, 2014 through the present. *See* Hupkovich Decl., ¶ 4. According to MetLife's business records, the median compensation[3] for these individuals during this period is: $69,826, per year for 2014, $76,550 for 2015 and $55,005 for 2016 which is the equivalent of $33.57 per hour for 2014, $36.80 per hour for 2015 and $26.44 per hour for 2016, for a full-time employee. *See* Pryor Decl., ¶ 4. For purposes of removal, MetLife will conservatively assume that *all* putative class members earned an hourly rate of pay of $26.44.

### a. Plaintiffs' Fourth Cause of Action Seeking Waiting Time Penalties Places At Least $2,773,027.20 in Controversy.

27. Plaintiffs alleges that Defendants are owed "'waiting time' penalties of thirty days' wages" pursuant to California Labor Code section 203, arising from Defendants' alleged failure to pay all wages due and owing upon the termination of their employment with MetLife. Complaint ¶¶ 91-94. According to MetLife's records, 437 putative class members in California terminated their affiliation with MetLife between January 30, 2014, and January 30, 2018. *See* Hupkovich Decl., ¶ 4. Defendants may reasonably assume "that each terminated putative class member was entitled to 30 days of continuation wages at 8 hours of standard pay per day." *Oda v. Gucci Am., Inc.*, 2015 WL 93335, at *4 (C.D. Cal. Jan. 7, 2015). Applying the $26.44 per hour rate of pay to all terminated putative class members, the total waiting time penalties at issue are at least **$2,773,027.20** ($26.44 per hour x 8 hours per day x 30 days x 437 former FSR/Retiree Brokers = $2,773,027.20).

---

[3] The average annual compensation for putative class members is significantly higher than the median compensation used in this analysis. The average annual compensation is as follows: 2014 - $108,166; 2015 - $142,755; 2016 – $87,011.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

8

DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT
CASE NO.: 4:18-CV-1506

### b. Plaintiffs' Fifth Cause of Action Seeking Penalties for Underpaid Wages Places At Least $3,627,000 in Controversy.

28. Plaintiffs' fifth cause of action alleges that "Defendants underpaid Plaintiffs and the other California Class Members during applicable pay periods by failing to pay them their proper wages due under the California Labor Code." Complaint ¶ 97.

29. Labor Code section 558(a)(1) permits an employee to recover a $50 civil penalty for the initial pay period in which the employer underpaid the employee in addition to any amount sufficient to recover the underpaid wages. *See* Labor Code § 558(a)(1). Compl. ¶ 98, 100. Labor Code section 558(a)(2) permits an employee to recover $100 as a civil penalty for each underpaid employee for each pay period in which the employee was underpaid in addition to any amount sufficient to recover the underpaid wages. Compl. ¶ 99, 100.

30. Throughout the relevant period, MetLife paid FSRs and Retiree Brokers on a weekly basis. Pryor Decl. ¶ 6. According to MetLife's records, a total of 36,707 weeks were worked by 437 FSRs and Retiree Brokers in California between January 30, 2014 and July 1, 2016. Hupkovich Decl. ¶ 5. This is the equivalent of 36,707 pay periods. Pryor Decl. ¶ 6. Accordingly, Plaintiffs' fifth cause of action places at least **$3,627,000** in controversy (($50 penalty x 437 putative class members) + ($100 penalty x 36,270 pay periods) = $3,627,000).

### c. Plaintiffs' First Cause of Action Seeking Damages For Failure To Reimburse Expenses Places At Least $800,041 in Controversy.

31. Plaintiffs' first cause of action alleges that Defendants failed to reimburse FSRs and Retiree Brokers for business expenses, including for office telephone service, internet and computer support, and for professional liability insurance premiums. Complaint ¶¶ 27, 61-69. Plaintiffs further allege that Defendants are liable pursuant to California Labor Code section 2802(a) for the cost to reimburse FSRs and Retiree Brokers for such business expenses plus

1  "interest at a statutory post judgment rate of 10% simple interest per annum from
2  the date of the expenditure plus attorneys' fees to collect reimbursement."
3  Complaint ¶ 68.

4      32.    According to MetLife's business records, the 437 FSRs and Retiree
5  Brokers in California paid over $800,041 for professional liability insurance
6  premiums between January 30, 2014 and July 1, 2016.  Pryor Decl. ¶ 5.
7  Accordingly, just considering the professional liability insurance component,
8  Plaintiffs' first cause of action places at least **$800,041** in controversy.

9      33.    Plaintiffs additionally seek disgorgement for alleged violations of
10 California Business and Professions Code § 17200, et seq.  *See* Complaint, ¶119.
11 That claim further increases the amount in controversy beyond CAFA's
12 jurisdictional threshold.

### d.  The Amount in Controversy Exceeds $5 Million.

14     34.    Aggregating the foregoing figures, Plaintiffs' alleged amount in
15 controversy is well above the minimum threshold of $5,000,000.  As the
16 preponderance of the evidence demonstrates, Plaintiffs' first, fourth and fifth causes
17 of action place at least **$7,200,068.20** in controversy ($2,773,027.20 + $3,627,000 +
18 $800,041 = $7,200,068.20).  In addition to the amounts presented above, Plaintiffs'
19 second cause of for wage chargebacks would increase the amount in controversy
20 even further above the jurisdictional minimum of $5,000,000.

### e.  The Complaint Also Seeks Recovery Of Attorneys' Fees That Courts May Consider for Determining the Amount in Controversy.

23     35.    Plaintiffs also seeks to recover attorneys' fees.  Complaint, Prayer for
24 Relief ¶ N.  Attorneys' fees are properly included in determining the amount in
25 controversy.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir.
26 2007); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010–11 (N.D.
27 Cal. 2002); *see also Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB
28 AJWX, 2015 U.S. Dist. LEXIS 25921, at *5–6 (C.D. Cal. Mar. 3, 2015) ("The

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

10

DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT
CASE NO.: 4:18-CV-1506

Court believes that, when authorized by an underlying statute, the better view is to consider post-removal attorneys' fees because they are part of the total 'amount at stake.'") (citations omitted); *Giannini v. Northwestern Mut. Life Ins. Co.*, 2012 U.S. Dist. LEXIS 60143, at *4 (N.D. Cal. Apr. 30, 2012) (citing to *Brady* while holding that a reasonable estimate of future attorneys' fees can be used in calculating the amount in controversy); *Richardson v. Servicemaster Global Holdings Inc.*, No. C 12-77 CW, 2009 U.S. Dist. LEXIS 122219, at *4 (N.D. Cal. Dec. 15, 2009) (citing *Brady* favorably to require a showing of attorneys' fees likely to be incurred to determine the amount in controversy).

36. Although Defendants deny Plaintiffs' claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund).

37. Accordingly, the assumed attorneys' fees attributed to Plaintiffs' first, fourth and fifth causes of action in the Complaint are valued at **$1,800,017.05** (0.25 x $7,200,068.20). Thus, the total amount in controversy when attorneys' fees are included would be over **$9,000,085.25**, well above the minimum amount for jurisdiction under CAFA.

## IV. VENUE

38. This action was originally filed in the Superior Court for the County of Alameda. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## V. NOTICE

39. Defendants will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## VI. CONCLUSION

40. Based on the foregoing, Defendants request that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Defendants respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: March 8, 2018         MORGAN, LEWIS & BOCKIUS LLP


By  /s/ Carrie A. Gonell
Carrie A. Gonell
Attorneys for Defendants
METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, METLIFE RESOURCES, INC., METLIFE SECURITIES, INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

12

DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT
CASE NO.: 4:18-CV-1506